UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIDFIRST BANK,

    Plaintiff,                                                Hon. Janet T. Neff

v.                                                                   Case No. 1:13 CV 278

WILLIE MCGHEE, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Motion to Dismiss Purported Counter-Complaint and Remand Balance of Action to State Court</u>, (dkt. #8), which was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons articulated below, the undersigned recommends that Plaintiff's motion be **granted** and this matter **remanded** to the Kalamazoo County 8th District Court.

### Background

On January 11, 2013, Midfirst Bank ("Plaintiff") filed a complaint to evict and recover possession of property against Willie McGhee and Elishuwa Yisrael ("Defendants"), the occupants of the disputed property. On February 14, 2013, Defendants removed the action to this Court.[1] (Dkt. #1). Defendants have also asserted a counterclaim under the Fair Debt Collection

---

[1] Defendants have previously filed suit in this Court seeking damages for a purported conspiracy between Plaintiff and Consumers Energy. The conspiracy action was dismissed with prejudice under Rule 12(b)(6) of the Federal Rule of Civil Procedure. *Yisrael v. Russell*, Case No. 1:13-cv-215 (W.D. Mich. 2013). The parties have not raised, and the Court has not addressed, the preclusive effect, if any, of this particular action.

Practices Act. (Dkt. #1, p. 2). In response, Plaintiff filed the present motion seeking to dismiss Defendants' counterclaim and remand the underlying action to state court.

## Analysis

**A. Motion to Dismiss Counterclaim**

Plaintiff seeks to dismiss Defendants' counterclaim for failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such state a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

As the Supreme Court recently stated, a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with

> nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 F. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

Defendants' counterclaim contains no factual allegations; however, a few code sections from the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.*, are mentioned. These code citations are followed by this singular legal conclusion: "Defendant's cross-complaint for FDCPA violations is an action to enforce Plaintiff's liability created by violations of Defendant's rights under the FDCPA." (Dkt. #1, p. 2). Such recitals fall short of the applicable standard. Defendants' counterclaim, therefore, fails to state a claim upon which relief may be granted.

Thus, the undersigned recommends Plaintiff's motion to dismiss Defendants' counterclaim be **granted**.

### B. Motion to Remand

Any action that could have *originally* been brought in federal court may be removed from state court to federal court. *See* 28 U.S.C. § 1441(a); *see also Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708, 711 (6th Cir. 2012) (reasoning that removal is proper "only if the claim could have been brought in federal court."). Federal district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and all "civil actions where the amount in controversy exceeds $75,000 . . . and is between citizens of different States . . . ." 28 U.S.C. § 1332(a).

When examining whether the Court has subject matter jurisdiction over an action removed from state court, the original complaint controls. *See Hampton*, 683 F.3d at 711 (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ([T]he question for removal jurisdiction must . . . be determined by reference to the 'well-pleaded complaint.'"). In other words, removal is limited "by the basic principle that defendants may remove only on the basis of claims brought against them and not on the basis of counterclaims, cross-claims, or defenses asserted by them." 14C WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3370, at 429-32 (4th ed. 2009).

With one exception, objections to the removal of an action to federal court must be raised within a limited period of time. *See* 28 U.S.C. § 1447(c) ("a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). Issues concerning the Court's

subject matter jurisdiction can, however, be raised at any time. Thus, if at any time before final judgment it appears the district court does not have subject matter jurisdiction, the court "shall" remand the matter to state court. 28 U.S.C. § 1447(c).

The Court notes initially that Plaintiff's motion to remand was not filed within 30 days of removal, but was instead filed nearly two months after the action was removed to this Court. (Dkt. #8). To the extent, therefore, Plaintiff seeks remand on a basis other than lack of subject matter jurisdiction, Plaintiff's motion is denied as untimely. Plaintiff may, nevertheless, obtain remand of this action if this Court lacks subject matter jurisdiction over Plaintiff's claim. *See* 28 U.S.C. § 1447(c).

Because Defendants removed the action to this Court they bear the burden of establishing that this Court has subject matter jurisdiction to hear the claims in Plaintiff's original complaint. *See Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Subject matter jurisdiction may exist either through diversity of citizenship or federal question jurisdiction. *See* 28 U.S.C. §§ 1331-1332.

*1. Diversity of Citizenship*

Diversity jurisdiction exists when the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Defendants' counterclaim contains no allegations regarding the parties' citizenship nor the amount in controversy. Defendants have also failed to respond to the present motion or otherwise submit evidence or allegations demonstrating that diversity jurisdiction can properly be exercised in this matter. Because Defendants have failed to satisfy their pleading burden, the undersigned is unable to conclude such jurisdiction exists in this Court.

*2. Federal Question Jurisdiction*

Regardless of Defendants' failure to properly allege diversity jurisdiction, the Court may still hear the underlying action if it raises a federal question. *See* 28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Under § 1331, federal courts have jurisdiction where a well-pleaded complaint shows that "federal law creates the cause of action." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 473 U.S. 1, 27-28 (1983). Whether the Court can properly exercise subject matter jurisdiction over a removed action is determined by examining Plaintiff's original complaint and not subsequently filed counter or cross claims. *See* 14C WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3370, at 429-32 (4th ed. 2009).

Plaintiff's original complaint, filed in state court on a *state court form*, alleges claims for recovery of possession of property and eviction. These are clearly state law claims and Defendants have neither argued nor identified authority that such claims also arise under federal law. While Defendants assert a federal claim in their counterclaim, such is inapplicable when determining whether this Court has subject matter jurisdiction over the removed action. The undersigned, therefore, concludes that federal question jurisdiction is lacking.

## **Conclusion**

For the foregoing reasons, the undersigned recommends that <u>Plaintiff's Motion to Dismiss Purported Counter-Complaint and Remand Balance of Action to State Court</u> (Dkt. #8) be **granted** and this action be **remanded** to the Kalamazoo County 8th District Court.

Respectfully submitted,

Date: July 12, 2013   /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).